## STATE OF FLORIDA v BARNETT
### Case No. 89-49382 TC A02
County Court, Palm Beach County

April 4, 1990

**APPEARANCES OF COUNSEL**

**Dan Galo, Esquire,** Assistant State Attorney, for plaintiff.

**Mitchell J. Beers, Esquire,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT pursuant to the Defendant's motion to dismiss, and the Court having heard argument of counsel, hereby denies the motion.

The Defendant seeks to have the Court declare as unconstitutional, Florida Chapter 316.193(3)(a)1, as being violative of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Section 316.193(3)(a)1, in pertinent part, states:

(3) Any person:

(a) Who is in violation of subsection (1) (DUI)

(b) Who operates a vehicle; and

(c) Who, by reason of such operation, causes:

(1) Damage to the property of . . . another is guilty of a misdemeanor of the first degree. . .

The facts of the case are not in dispute. The defendant was charged with two counts of driving under the influence of an alcoholic beverage to the extent that his normal faculties were impaired causing damage to the property of another person, pursuant to the above section. The charges arose from allegations that the Defendant caused a chain-reaction, three car collision while DUI.

The Defendant asserts that this section violates the equal protection clause in that it creates two classes of Defendants who may be treated differently under essentially the same facts. The Defendant very creatively postulates that if one person, who is driving DUI, collides with three automobiles, all owned by a single person, he/she could be charged with only a single count of this crime. But, on the other hand, if the vehicles were owned by three separate individuals, another person causing the same mishap could be charged with three separate counts and punished in a drastically more serious fashion.

The Defendant cites several cases, all of which, taken together, stand for the proposition, that, pursuant to the Equal Protection Clause, where there is a statutory distinction drawn between two classes of people, the distinction must be rational and bear a reasonable relationship to a legitimate governmental purpose.

The State alleges that there is a legitimate governmental purpose served by the distinction. That this purpose is to protect individuals' rights, not merely property, per se. In support of this governmental purpose, the State cites the Court to the recent Florida State Constitutional Amendment, known as the Victim's Bill of Rights, and such legislation as section 775.089, the Restitution statute.

The Court is of the view that the State's position is a valid one. An analogous situation can be drawn between the one posed by the Defendant and the following:

If a person simultaneously steals a total of six hundred dollars from two separate individuals, three hundred from one and three hundred from another, he/she could be charged with two separate counts of grand theft. However, if another person were to steal the same

221

amount of money from a single individual, he/she could only be charged with one count of grand theft. Similarly if a person were to break the windshield and slash the tire of one vehicle, he could be charged with one count of vandalism. Whereas if another person were to break the windshield of a car owned by one individual, and slash the tires of a vehicle owned by another individual, he/she could be charged with two counts of vandalism, for doing essentially the same acts.

The difference in each situation is the fact that the law exacts a greater punishment from a person in proportion to the number of people he/she has harmed. In the Court's view, the State has a legitimate purpose in protecting the greatest number of people it can through the use of the criminal statutes, and further, that enhancing the possible punishment is reasonably related to effectuating this purpose.

DONE AND ORDERED, in West Palm Beach, Florida, this 4th day of April, 1990.